HARRY DE CAMP and Another v. CHICAGO, ST. PAUL, MINNEAPOLIS AND OMAHA RAILWAY COMPANY.[1]

Oct. 10, 1895.

Nos. 9768—(233).

Railway Company—Fire—Presumption as to Negligence.

> In an action against the defendant railway company for damages claimed to have been caused by its negligently permitting its locomotive engine to be defective, by reason of which it threw sparks which started a fire which burned and injured plaintiffs' property, *held*, the defendant did not so completely rebut the presumption of negligence raised against it by G. S. 1894, § 2700, that the verdict against it cannot be sustained.

Appeal by defendant from an order of the district court for Scott county, Cadwell, J., denying a motion for a new trial, after a verdict for $185 in favor of plaintiffs. Affirmed.

*Solon L. Perrin* and *Thomas Wilson*, for appellant.

*H. J. Peck*, for respondents.

CANTY, J. Defendant's engine, drawing its train of cars, passed along over its track. Immediately after it passed, a pile of old ties on the right of way, beside the track, were found to be on fire. The fire spread to the adjoining land, and after smouldering in a dry, boggy, or marshy slough for a few days, broke out afresh, extended to the plaintiff's farm, and burned over a part of the same, causing him damages, to recover which this action is brought.

On the trial the jury returned a general verdict for the plaintiff, and also answered the five questions submitted to them as follows:

[1] Reported in 64 N. W. 392.

"Was the fire which did the damage in controversy originally started on September 13, 1894, by fire or sparks which escaped from defendant's engine No. 131? Answer. Yes. If so, was said engine furnished with the most approved modern appliances to prevent the escape of fire? Answer. No. Was said engine and its appliances in good repair and condition? Answer. No. Was the engineer in charge of said engine a competent, skillful, and careful engineer? Answer. Yes. Did said engineer, at and before the time of said fire, manage the engine in a careful and prudent manner with respect to the escape of fire from his engine? Answer. Yes." From an order denying its motion for a new trial, defendant appeals.

The only grounds urged for reversal are that the evidence does not sustain the second and third special findings of the jury. It is conceded that the evidence is sufficient to sustain the first finding, —that the fire was set originally by sparks from this engine. G. S. 1894, § 2700, provides that the fact of fire being so scattered or thrown shall be held to be prima facie evidence of negligence on the part of the railroad company. Defendant claims that on the trial it fully, and in all respects, rebutted this presumption, and that the evidence conclusively shows that it was not guilty of negligence in permitting such sparks to escape. We cannot agree with appellant.

It is true that the engineer who ran the engine, his fireman, the foreman of the shops, the boiler washer, and the boiler maker all testify to the perfect condition of the engine. But there are some things which cropped out in the evidence which deprives it of any such conclusive character. Leonard, the foreman of the shops, testified that the engine was reported by the engineer as throwing fire. He further testified: "I was notified to examine her, and found nothing the matter with her, and she was reported again, and I reported the same thing; and Mr. Ellis, not being satisfied, ordered the engine to lay in a few days, and examined the front end himself, so as to be sure, and then he ordered to take the old netting out and put in new netting." The witness testified that he did so, and that, "although the netting was put in new on Mr. Ellis' orders, there was nothing the matter with it." This was the 2d of August, and the fire in question was started on the 13th of Sep-

tember, following. The engineer testified that at the place where the fire was started "the track is down grade—going west, down grade, for the train I was on that day. Q. Well, how would it·be in the operation of your engine in going over that grade? Would you be using very much steam, or not? A. Using very little steam. The train would almost run itself there." Ellis, the master mechanic, testified that when an engine is working heavy it is impossible to prevent the throwing out of sparks, "but when it is working light there is no necessity to throw sparks." This evidence all came from the defendant's own witnesses, and from it the jury might reasonably have inferred that there was a defect in the engine which caused it to throw sparks more than would be thrown by an engine in proper condition; that this defect was not in the netting, but existed before the new netting was put in, and continued to exist afterwards. Under these circumstances, we are of the opinion that the defendant did not so completely rebut the presumption of negligence raised by the statute that the verdict cannot be sustained.

Order affirmed.